**ZHEN LIU, Petitioner,**

v.

**Mark FILIP, Acting U.S. Attorney General,\* Respondent.**

**No. 08–0363–ag.**

United States Court of Appeals, Second Circuit.

Jan. 28, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Mark Filip is substituted for Michael B. Mukasey as Respondent.

Gary J. Yerman, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhen Liu, a native and citizen of the People's Republic of China, seeks review of a December 31, 2007 order of the BIA affirming the January 27, 2006 decision of Immigration Judge ("IJ") Sarah M. Burr denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Liu,* No. A 98 593 988 (B.I.A. Dec. 31, 2007), *aff'g* No. A 98 593 988 (Immig. Ct. N.Y. City Jan. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or

her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir.2008).

We conclude that substantial evidence supports the agency's adverse credibility determination. For instance, the IJ accurately observed inconsistencies between Liu's testimony and that of her husband concerning when he first saw Liu after her first abortion and where Liu resided after her second abortion. Likewise, the IJ correctly noted an inconsistency between Liu's testimony and her written application regarding whether her husband was detained and beaten for confronting family planning officials after her second abortion. In the same vein, the IJ pointed out that Liu's and her husband's testimony differed with respect to who had informed the authorities of Liu's second pregnancy.[1] Liu asserts in her brief to this Court that these inconsistencies cannot support an adverse credibility determination because they are minor or immaterial. However, because the provisions of the REAL ID Act govern Liu's July 2005 asylum application, the inconsistencies relied upon by the IJ need not have involved the heart of Liu's asylum claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166–67 (holding that this Court's previous holding in *Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003)—that an IJ could not base an adverse credibility determination on inconsistencies and omissions that were "collateral or ancillary" to an applicant's claim—had been abrogated by the amendments to the statutory standard imposed by the REAL ID Act). Accordingly, the IJ properly relied on these inconsistencies to find

Liu not credible. 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ's adverse credibility determination was also supported by several omissions in the record. For example, the IJ appropriately pointed out that although Liu testified that her husband was beaten and detained after her second abortion, her husband stated only that he was fined. Liu's husband explained that he did not mention the detention and beating because he "hear[d] wrong." The IJ reasonably declined to credit that explanation. *See Majidi*, 430 F.3d at 80–81. Liu asserts that these omissions do not "impact the central act of persecution" against her. Again, however, irrespective of the materiality of these omissions, they substantiated the IJ's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ further found that Liu's demeanor undermined her credibility. Because Liu has not challenged the IJ's demeanor finding, we deem any such challenge to that finding waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

Finally, the IJ's adverse credibility determination was supported by Liu's deficient corroboration. First, the IJ appropriately declined to give weight to U.S. medical records indicating that Liu had informed a physician of her two alleged abortions, where she had obtained the document after she was placed in removal proceedings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341–42 (2d Cir.2006) (holding that the weight afforded to documentary evidence " 'lies largely'

---

1. Liu's husband explained that Liu had told him that her aunt's neighbors reported the pregnancy, but that he had heard that "other people" had reported it. The IJ was not

required to credit that explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005).

within the discretion of the IJ"). Likewise, the IJ reasonably elected not to give any weight to Liu's abortion certificates where a 2005 State Department report indicated that such certificates were only issued after voluntary abortions and that documentation from China was subject to widespread fraud. *See also Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). Liu's deficient corroboration rendered her unable to rehabilitate testimony that had already been called into question. *See Biao Yang v. Gonzales,* 496 F.3d 268, 273 (2d Cir.2007). Moreover, while Liu asserts in her brief to this Court that the IJ failed to review all the evidence in the record, the agency was not required to specifically address each piece of evidence that she presented. *See Xiao Ji Chen,* 471 F.3d at 336, n. 17.

Under these circumstances, the agency's adverse credibility finding was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, its denial of Liu's application for asylum was proper. Because the only evidence of a threat to Liu's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.